Please the court. My name is Peter Forgey. I am the attorney for Patrick Vaughn the appellant in this matter I'd like to reserve a couple of minutes. Okay. Now Obviously, we've scheduled 15 minutes as I've reviewed the case. It seems to me that it might not take you that long But we'll see I certainly agree But the reason I'm here Is to correct what I perceive to be an injustice I've been practicing Jones Act litigation for Three decades and I'm quite familiar with the law in support of Jones Act litigants I tried this case and I When I got the findings of fact and conclusions of law From the district court judge the thing that was lacking that I found so puzzling was a Conclusion that Patrick Vaughn was to blame for his own accident Well as I read the district judge's order the two judges basically didn't believe your client She went out of her way to to inject the Credibility conclusions over and over again. I totally agree with you So if she doesn't believe your client, what am I supposed to do about it? Look beneath the the issues of credibility and try to understand The competing stories here You can take if you if you disagree if she except what she found with respect to his credibility Patrick Vaughn said The bosun told me to mule haul that 275 pound canister across a non-skid deck a distance of between 20 and 60 feet Is there a picture of this canister in the record? I? Don't know Does it have wheels? No, it's a it's probably the size of that table and and so what's it on? I mean you say non-skid. I mean non-skid is I'm sure you're familiar with it. It's in a maritime environment Well, I understand the non-skid, but what's that have to do with it? I mean trying to figure out I mean if there are no wheels, I mean, what's this? What's the canister hard plastic a flat hard plastic container? But if I'm trying to figure out what it means to mule haul it I would hope that there'd be a picture on the record so I can figure out what it is. He's supposed to haul I'm struggling to Recall where those foot certainly there were photographs that were part of the record, okay? And it's just nothing and nothing in the excerpt so I Apologize for that. It's just it's a beast of a object at 275 pounds it's not quite the size of that table But it's solid and it's hard plastic on a non-skid surface, and so he has to push this thing along grinding it from between 20 and 60 feet With the help of one other person and it suggests exactly why in the morning session They had used a forklift to you to move the container that morning the other container So when he got to the after the break was taken He comes back to it in Henderson the bosun says to him don't We don't have time to go get the forklift which was down a ways on the deck just mule haul just push the thing Yeah, that's the testimony of your client The district judge didn't believe that that was what was said well, that's true But the indisputed facts are that he did in fact push it without the use of a forklift There's Michael and if and if he did that on his own without having been told to do so I think that's his problem Exactly and now I and now let me take it aside here In all the trials I've done in my life You can't the general rule of thumb is you can't just reject the other person's story Well, that's what that's what a trier fact does because generally there are two sides to a story Otherwise you wouldn't be in trial so it's the trier facts job to decide I'm going to accept this testimony reject this testimony. That's basically what you do as a trier fact That's true, and I completely agree with you But the one story that I hold on to that I'm as a litigant trying to advocate I believe him Now if there's and if I don't believe in the other person's story, I can't just say oh, no That's not the way it happened. I disagree with it At least from a pragmatic standpoint. It's been my experience, and I've been told many times You've got to give them a story that makes sense You've got to give them a complete picture of The of your contention if you're rejecting the other person's story And what we have here is no explanation for why Patrick Vaughn would have done such a stupid thing They it's their burden of proof didn't he testify that he was not concerned actually about whether or not it would do harm to him To do it that way no He said it would be easier and safer the findings of fact conclusions of law state that that he said It would I know it would have been easier and safer and in fact Yeah, but that's not what that wasn't quite my question He said that I Wasn't concerned that I was going to be injured yeah But I knew that I knew that it was would have been easier and safer if I use the forklift as I had done that Morning, and I was intending to do it that afternoon And we've got testimony that the district court chose to believe that the forklift was actually much closer And mr. Vaughn testifies, which is true, which makes the government's story if you will that much more unacceptable Because if the thing was only ten feet away But yeah, but that makes it all the more unbelievable that the bosun told him not to use it if it's right there I mean, it's not that's not gonna. Take any more time might be quicker hence, I Don't see why I have to I mean, I'm not in a position to myself make the fact finding But it doesn't seem to me as though the district courts fact-finding was that is without some support in the record Other than the fact that that there is no Logical explanation for the district in court concluding that he would have chosen that method I've asked over and over and over again for someone to explain to me why that man would have done that There is no explanation for the moment people do stupid things sometimes Well But underneath at least in my experience underneath each of those there is some reason are you lazy are you drunk? Are you inattentive? Are you distracted? Are you mad at someone and react? Unreasonably, are you macho? Are you just are you? There is an explanation the explanation may be after the fact your client realized that he would not be able to get recovery Unless he could convince the court that he was ordered to do it this way. That's an explanation for it But that may have that's after the fact but at that moment in time Why would he have selected that if he in fact selected it? That's the question The question is did he select that method? Big I mean did he select that method without thinking and then now he's trying to you know Explain why he did it that happens all the time that you do something without thinking about it Then you realize the repercussions of having done that and you're trying to put a good spin on it. I mean That may be an explanation as well that he he did it without being told to do so realizes that if he Did it without being told to do so the onus is on him now He's got to come up with a way to blame somebody else. That's an explanation But that that isn't the explanation that the district court judge Included in any findings the fact that I said you can't come up with an explanation. You're you're seeking an explanation And I'm saying that's one possible explanation Well, I mean that isn't that isn't the way that you wanted to go down That's true but but you know given how how Massively difficult that thing was to move along that non skid deck that distance and given the fact that he had Used the forklift earlier in the day and given the fact that even the government says that the forklift was right there You have you it just doesn't resonate with me and you know and I do yeah But it doesn't resonate with me that the forklift is right there that Henderson would have said don't use the darn thing because it were in a hurry that isn't what Pat Vaughn said about where the forklift was and Struggling because now we're back to the credibility thing Pat Vaughn said That's what we've been all along is the credibility thing. I know and obviously I'm swimming upstream here You know why don't we hear from the other side and then you have maybe have a better chance, it's what you're shooting at We're swimming toward or whatever the metaphor is It's morning honors Eric Kaufman Cohen United States Department of Justice for the United States This issue boils down to one of credibility judgment of credibility is a simple none of a trial judge Judge Fisher did hear an explanation for why mr. Vaughn do what he did and that came from mr. Vaughn himself judge Fisher didn't find that credible She found the testimony not only did she not find mr. Henderson mr. Vaughn's testimony credible She looked to the definition testimony of mr. McCarthy who was working with mr. Vaughn that afternoon and he testified that no he didn't hear That the boats and tell mr. Vaughn not to use the forklift and he didn't hear mr. Vaughn asked to use the forklift We also have the testimony of the boats and himself mr. Henderson and mr. Henderson testified that this is a ship that goes nowhere It's a preposition ship. It sits there for six months at dock at a dock There was plenty of time to get the evolution completed There was no there was no time constraint on this evolution. It's a ship that goes nowhere and that was his testimony so the findings Judge Fisher found that mr. Vaughn was just not credible. His story was not credible And so she did this into the story and then what's your response to opposing counsel search? for a reason as to why his client would have Attempted to mule haul whatever the term is this piece of equipment without the forklift My response is is mr. Vaughn gave his explanation for why he did it. He said that he was ordered to mule haul the The the the life raft canister into position the judge did not find that credible She found other testimony and other evidence in the record that this simply did not happen the way mr. Vaughn said it opposing counsel's Argument is why would he say this if it were not true? Motive is not a part of the elements of a Jones act negligence claim a plate the plaintiff has to prove negligence Duty breach causation. There's no room in there for motive The United States doesn't have to find a motive for anything the plaintiff has to find there's motive is irrelevant Okay, let me follow up with judge Judge Rollins's question if he had not been ordered not to use the check with the forklift The question that mr. Vaughn's attorney is asking. Well, why in the world would he have pushed it on his own? That is so I'm now putting trying to reproduce your argument That is so implausible that he would have chosen to push it on his own Absent an instruction that we just believe that he did it without the instruction How do you and that I think I've got his argument. So how do you answer that argument? I answer because the judge Fisher had the opportunity to perceive and witness the demeanor of mr Vaughn and the way he testified And she came up with the conclusion is just not why isn't that implausible his argument is the finding that was made by judge Fisher is implausible Absent some reason why he would have Tried to move the equipment himself when there was a forklift Again, it's not relevant motives not relevant But why isn't that an implausible? Factual finding on the part of the district court judge what plaintiff's counsel is trying to do is to get into Faulting judge Fisher for not getting in the mind of this client Why it's not why would judge Fisher have to get into his mind every time she tries a case and why would someone do X? Why would someone run a red light? Well, I think your answer isn't you're not giving it Vaughn admitted that he had no concern about using moving the canisters without use of the forklift Correct reading from the district court's order. I Granted and thank you very much for pointing it out to me and that is I know stay with that answer your honor Because I I mean I as the standard answer is of the district judge look at the demeanor that's all nonsense I mean, you know good liars look pretty credible. I Yeah, okay, I have nothing further behind us there's more questions, okay And if he'd answered the question were you concerned about moving that That canister and he said yes Then then the response that Jones Act trials is Then you shouldn't have done it at all And the reality of the situation is it dies on vessels when they're told by the boats and to do something Even though they don't agree with it They they're damned if they do and then but they don't They if they say no, I'm not gonna follow your order. They risk losing their job. Well, there's a mechanism for doing that There's a union for a reason I'm not I'm not well there yes, I There is a mechanism but the reality situation is that most people don't because they It's a small environment on a vessel and it harkens back to this wards of Admiralty thing That the reality of the situation is that they do what they're told Because it's a it's a little world and they're at sea and yes There's a mechanism to contact your union representative and to file a complaint This this vessel was not literally at sea Well, it was it was in Okinawa It was on the water in Okinawa, they were union representative on the boat Pat Vaughn was he was the union guy was And and he testified, you know would get me where with this kind of stuff but you know, you can fall him for further for not being able to Get recourse, but that's that's the reality of that world. I Thank the court for trying to get from the government the explanation the logical explanation For why he would have done such a stupid thing. I don't think that has been answered adequately With all due respect. Yes. He said I wasn't concerned about it But he did say would be easier and safer and common sense would suggest That that man would not have looked at that 275 pound beast of an object without any handholds and Decided that pushing at the 20 feet as opposed to moving it with the forklift, which is what he'd been doing Three hours earlier. I don't by the way if you believe the government the things only 10 feet away Why he wouldn't just choose to get back on that thing turn the key and pick the thing up Had he not been ordered to do so It does not make sense and yes, we have the burden of proving negligence but they have the burden of proving comparative negligence affirmative defense and and that Component of their story is their birth. Why didn't you move to summary judgment? I mean a logic of your argument is we didn't need a trial Well summary judgments in Jones act cases are virtually impossible to win either way Okay, thank you very much thank both sides for their argument Columbus the United States now submitted for decision
judges: Korman, Fletcher, Rawlinson